Walter C. Hill, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Helen Hill Macpherson, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 97981, 97982.   Promulgated February 1, 1940.

*Charles M. Trammell, Esq., Donald McGovern, Esq.,* and *Neil W. Oakes, C. P. A.,* for the petitioners.

*W. W. Kerr, Esq.,* for the respondent.

## OPINION.

LEECH: Section 114 (b) (4) of the Revenue Act of 1934, so far as material, reads as follows:

A taxpayer making his first return under this title in respect of a property shall state whether he elects to have the depletion allowance for such property for the taxable year for which the return is made computed with or without regard to percentage depletion, and the depletion allowance in respect of such property for such year shall be computed according to the election thus made. If the taxpayer fails to make such statement in the return, the depletion allowance for such property for such year shall be computed without reference to percentage depletion. The method, determined as above, of computing the depletion allowance shall be applied in the case of the property for all taxable years in which it is in the hands of such taxpayer, or of any other person if the basis of the property (for determining gain) in his hands is, under section 113, determined by reference to the basis in the hands of such taxpayer, either directly or through one or more substituted bases, as defined in that section.

The 1936 Act, in section 114 (b) (4), contains identical language with the addition of the following:

The above right of election shall be subject to the qualification that this paragraph shall, for the purpose of determining whether the method of computing the depletion allowance follows the property, be considered a continuation of section 114 (b) (4) of the Revenue Act of 1934, and as giving no new election in cases where such section would, if applied, give no new election.

The cases of *Riley Investment Co.* v. *Commissioner*, 108 Fed. (2d) 713, and *Dorothy Glenn Coal Mining Co.*, 38 B. T. A. 1154, are fatal to petitioners' contention. Those cases hold that the failure to make an election of percentage depletion in the first return filed under the new law prevents the taxpayer from thereafter taking a deduction computed with reference to percentage depletion.

Petitioners are not aided, moreover, by *Mead Coal Co.* v. *Commissioner*, 106 Fed. (2d) 388, reversing 38 B. T. A. 1163, or by *Haggar Co.* v. *Helvering*, 308 U. S. 389. In both of these cases it was held that an amended return would be effective to remedy a failure to elect on the original return, provided the amendment was timely. In the circumstances of the *Haggar* case, "timely" meant filed before any return was due under the statute. In the *Mead Coal Co.* case an amendment was held to be timely when filed before returns for the succeeding taxable year became due.

Under the statutory terms (*supra*), in order to be effective, petitioners' election of percentage depletion had to be made, certainly, not later than in their returns for 1935, which were due March 15, 1936. Revenue Act of 1934, sec. 53 (a) (1). *Mead Coal Co.* v. *Commissioner*, *supra*. Here, no amendment was attempted until January 11, 1939, when petitioners filed amended returns for 1934, 1935, and

1936. In the original returns for each of those years, no election was made. Obviously, therefore, we think that the amended returns were not "timely."

It follows that petitioners are not entitled to percentage depletion.

*Decisions will be entered for the respondent.*